BROOKLYN LIFE INSURANCE CO. *v.* CHAS. OTT.

**Courts—Jurisdiction Not Matter of Agreement.**

The jurisdiction of the court of this state cannot be a matter of contract.

**Set-off and Counterclaim—Breach of Contract as to Suit.**

Where, contrary to contract, an agent of an insurance company sued the company in the courts of Kentucky instead of the courts of New York, any damages for breach of such contract by the agent should be made a matter of counterclaim.

APPEAL FROM MASON CIRCUIT COURT.

February 6, 1874.

OPINION BY JUDGE LINDSAY:

Appellant's action was an ordinary proceeding, but was brought in equity. At the time appellant's answer was filed it had the right by motion to have the cause transferred to the ordinary docket. Sec. 9, Civil Code. It failed to avail itself of this right, and the court was not bound to make the transfer upon the motion made after the reply of appellee was filed. Besides this, the claim for unliquidated damages was not so presented as to make it specially proper that the question should be passed upon by a jury. Appellant failed to state how or in what manner it was damaged by the alleged neglect of appellee, and upon its counterclaim as pleaded would have been entitled, in no state of case, to more than nominal damages.

Under the contract there can be no question but that appellee had the right to act as agent for the term of one year; and the insurance company had no right to terminate the agency short of that time, except for good cause. It is admitted that the company did guarantee that appellee's fees and commissions for the first year should equal two hundred dollars per month. The proof shows that they did not equal said amount, by a sum at least as great as that for which judgment was rendered. The proof further shows that the insurance company attempted to terminate the agency on account of the expense attending the new insurance laws enacted by the legislature of this state, and because its business in Kentucky was not remunerative.

The letters written by those representing the company, make it clear that the complaint as to neglect upon the part of appellee was unfounded, and also that the company was satisfied with the manner in which he had conducted its business. It further appears from said letters that the company was willing to continue the agency, and was only anxious to discontinue the guaranty. Upon the merits of the controversy there is no doubt whatever, that the judgment is proper. The Mason Circuit Court had jurisdiction of the attached property. The courts of the city of New York had not. An action prosecuted in the courts of said city, to reach this property, would have been wholly unavailing. Besides this the jurisdiction of the courts of this state is not a matter of contract. If the insurance company was in any way damaged by appellee's breach of contract in suing it in Kentucky, it should have relied on

the damages so sustained as a counterclaim. It certainly cannot ask the courts of this state to refuse to take jurisdiction of property within its territorial limits.

Judgment affirmed on original and cross-appeal.

*Phister, for appellant.*

*H. Taylor, for appellee.*